USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STACEY PARK KENNEDY, ANGELA
BOZELL, and BRITTNEY WILLIAMS,
*individually and on behalf of all others similarly situated*,

                                                  Plaintiffs,

-against-

AEGIS MEDIA AMERICAS, INC., BOARD OF
DIRECTORS OF AEGIS MEDIA AMERICAS,
INC., THE PLAN INVESTMENT
COMMITTEE, JOHN DOES 1-30,

                                                 Defendants.
-----------------------------------------------------------------X

1:20-cv-3624-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On June 22, 2020, the parties jointly submitted a letter containing a slew of wide-ranging requests, including the endorsement of a briefing schedule for an anticipated motion to dismiss, and an adjournment of the initial pretrial conference until the anticipated motion is decided. All of these requests are denied.

The parties' request for an adjournment essentially asks this Court to stay the case pending the anticipated motions to dismiss. A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act. *See Brooks v. Macy's, Inc.*, 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010) (citing cases). However, under Federal Rule of Civil Procedure 26(c), a district court may stay discovery "for good cause." Fed. R. Civ. P. 26(c). "In determining whether good cause exists, courts consider: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Showtime on Piers LLC*, No. 19-CV-07755 (VEC), 2019 WL 6912282, at *1 (S.D.N.Y. Dec. 19, 2019).

The parties have provided the Court with no information with respect to any of these factors, including any information about the anticipated motions to dismiss. Defendants have not even filed a pre-motion conference letter. The Court will not set a briefing schedule for a motion to dismiss before a pre-motion conference letter is filed. *See* Individual Rule 2(C).

Plaintiffs are directed to serve a copy of this order on any unpresented defendants and to retain proof of service.

SO ORDERED.

Dated: June 23, 2020

_____
GREGORY H. WOODS
United States District Judge