UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/2021

-------------------------------------------------------------------X

STACEY PARK KENNEDY, ANGELA : 
BOZELL, and BRITTNEY WILLIAMS, :
*individually and on behalf of all others similarly situated*, :
 :
 :       1:20-cv-3624-GHW
           Plaintiffs, :
 :       ORDER
   -against- :
 :
AEGIS MEDIA AMERICAS, INC., BOARD OF :
DIRECTORS OF AEGIS MEDIA AMERICAS, :
INC., THE PLAN INVESTMENT :
COMMITTEE, JOHN DOES 1-30, :
 :
           Defendants. :

-------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On August 9, 2021, Defendants filed a motion to stay all proceedings in this case, Dkt. No.

66, pending the Supreme Court's decision in *Hughes v. Northwestern University*, No. 19-1401 (2021).

For the reasons discussed below, Defendants' motion is granted.

The following facts are taken from the Amended Complaint, Dkt. No. 41 ("Complaint") and

are undisputed unless otherwise noted.  Defendants sponsor a large 401(k) defined contribution plan

called the BenefitsPlus 401(k) Profit Sharing Plan (the "Plan").  Plaintiffs, investors in the Plan, filed

an amended putative class action Complaint on May 8, 2020, bringing allegations that Defendants

violated their duty of prudence under the Employee Retirement Income Security Act of 1974

("ERISA").  As is relevant here, Plaintiffs argue that Defendants "maintain[ed] certain funds in the

Plan despite the availability of identical or similar investment options with lower costs and/or better

performance histories."  Complaint ¶ 11; *see also, e.g.*, ¶¶ 93, 107, 111.  Defendants moved to dismiss

the Complaint, and their motion is currently pending.  Dkt. No. 66.

On July 2, 2021, the Supreme Court granted certiorari in *Hughes v. Northwestern University*.

2021 WL 2742780, at *1 (2020).  The question presented to the Supreme Court in *Hughes* is

> Whether allegations that a defined-contribution retirement plan paid or charged its participants fees that substantially exceeded fees for alternative available investment products or services are sufficient to state a claim against plan fiduciaries for breach of the duty of prudence under ERISA, 29 U.S.C. § 1104(a)(1)(B).

Dkt. No. 67, Ex. A.

On August 9, 2021, Defendants moved to stay all proceedings in this case, arguing that "the Supreme Court will address issues identical to the claims Plaintiffs assert here, and the issues raised in Defendants' motion to dismiss."  Defendants' Memorandum in Support of Motion to Stay Proceedings at 2, Dkt. No. 67 ("Mot. to Stay").  Plaintiffs oppose that motion.  *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Stay Proceedings, Dkt. No. 69 ("Opp'n to Stay").

"A district court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) (*quoting Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012)).  Courts in this district consider five factors when determining whether to grant a stay:

> (1) [T]he private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Id.*  "A court may also properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action."  *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012).

The balance of relevant factors weighs in favor of staying all proceedings in this case pending the Supreme Court's decision in *Hughes*.

First, the Supreme Court's decision in *Hughes* will settle a key issue that has direct bearing on Defendants' motion to dismiss—namely, whether a plaintiff states a claim for breach of the duty of prudence under ERISA when it alleges that the fiduciaries of a defined-contribution plan should

have invested in lower-cost, identical funds to those actually offered. Here, plaintiffs allege exactly that: their position is that Defendants violated their duty of prudence by failing to invest in identical, but lower-cost, Plan funds. *See, e.g.*, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss at 1, Dkt. No. 50 (arguing the Defendants breached their duties by "selecting a slate of investment options for [the Plan] participants that were imprudent due to their poor performance and high fees where identical or nearly identical alternative funds—differing only in price—were available in the marketplace"). Thus, *Hughes* could prove dispositive of Defendants' motion to dismiss and ultimately determine whether this case will be dismissed; this weighs in favor of a stay. *See Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977) (ordering the district court to stay proceedings because a key issue on remand would, "in all likelihood, turn upon" a Supreme Court decision in an upcoming case); *Aleisa v. Square, Inc.*, 493 F. Supp. 3d 806, 815 (N.D. Cal. 2020) (granting a stay where an upcoming Supreme Court decision "might not only decide an important legal question in this case, it could altogether dispose of Plaintiffs' complaint as a matter of law").

In response, Plaintiffs argue that the Second Circuit's recent decision in *Sacerdote et al. v. NYU*, 2021 WL 3610355 (2d Cir. Aug. 12, 2021) settles the issue of whether plaintiffs state a claim for breach of the duty of prudence when they allege that fiduciaries should have invested in lower-cost, identical plans. In *Sacerdote*, the Second Circuit held that plaintiffs who alleged that plan fiduciaries failed to invest in lower-cost, identical funds stated a claim and could withstand a motion to dismiss. *See id.* at *5-8. But Plaintiffs overlook that *Hughes* will decide the same issue and thus has the potential to abrogate the relevant holding in *Sacerdote*. As such, though *Sacerdote* certainly bears on the arguments in Defendant's Motion to Dismiss, its impact may be temporary. Ultimately, a

stay is favored because it is *Hughes*, and not *Sacerdote*, that will ultimately "settl[e] an important issue of law bearing on the action." *Sikhs for Just.*, 893 F. Supp. 2d at 622.[1]

The interests of the Court and the public also weigh in favor of a stay. The Court's decision in *Hughes* will clarify a critical issue currently before the Court, and in doing so, promote the public and judicial "interest in the efficient conduct of litigation." *Loftus*, 464 F. Supp. 3d at 527. As other courts in this district have found, "[e]ven a decision from the Supreme Court that would not be dispositive of issues in this case could contain guidance that would allow this litigation to proceed on a reasonable and efficient basis."[2] *Id.*

The interests of Defendants and third parties also weigh in favor of a stay. The decision in *Hughes* could result in the dismissal of this case, allowing Defendants to avoid the significant burdens imposed by continued proceedings and the potential opening of discovery in this matter. This is particularly true given "that the case is asserted as a class action." *Id.* at 527. Moreover, third parties have an interest in the stay because the Supreme Court's decision could negate any need for third party discovery. *See id.*

By contrast, Plaintiffs will not suffer significant prejudice because of a stay. While Plaintiffs' alleged damages (which amount to recouped administrative fees that could have been avoided Defendants chose to invest in lower-cost funds) may amount to "millions of dollars" on a class-wide basis, the harm to any given class member individual is unlikely to be so significant as to outweigh the significant potential benefits of a stay.[3] Further, there is no indication that Defendants would be

---

[1] Plaintiffs appear to suggest that the Court should deny the stay because the Solicitor General has taken the position, in an amicus brief, that plaintiffs state a claim when they argue that plan fiduciaries fail to invest in lower-cost, identical funds—the position favorable to Plaintiffs. Opp'n to Stay at 4–5. But this speculation about what the Supreme Court may do is not persuasive. Indeed, the Supreme Court has no obligation to adopt the position of the Solicitor General and could hold to the contrary.

[2] Recent decisions have also recognized that "the exigencies of the COVID-19 pandemic have made the process of litigation more difficult. A stay in these circumstances conserves judicial resources and avoids unnecessary expense for a cause of action that may ultimately be rendered moot." *Id.*

[3] The same rationale applies to Plaintiff's claims for injunctive relief, which request that the Court order the Plan's fiduciaries to cease its ERISA violations and remedy its wrongful governance.

unable to satisfy a judgment for damages, or that a delay would impact their ability to do so. Similarly, litigation holds already in place will mitigate any concern over spoliation of documents throughout the pendency of the stay.

   As such, Defendants' Motion to Stay All Proceedings, Dkt. No. 67, is granted.  The parties are directed to write the Court promptly following the Supreme Court's decision in *Hughes*.

   The Clerk of Court is directed to note the stay on the docket of this case.

   SO ORDERED.

Dated:  September 7, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge