## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| STACEY PARKS KENNEDY, ANGELA BOZELL and BRITTNEY WILLIAMS, individually and on behalf of all others similarly situated, | ) ) ) ) | CIVIL ACTION NO.: 1:20-cv-03624-GHW |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| AEGIS MEDIA AMERICAS, INC., BOARD OF DIRECTORS OF AEGIS MEDIA AMERICAS, INC., THE PLAN INVESTMENT COMMITTEE, and JOHN DOES 1-30. | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON CLASS CERTIFICATION

This is a putative class action brought pursuant to §§ 409 and 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1109 and 1132, in which Plaintiffs Stacey Parks Kennedy, Angela Bozell, and Brittney Williams ("Plaintiffs") allege that Defendants Aegis Media Americas, Inc. ("Aegis"), Board of Directors of Aegis Media Americas, Inc. ("Board"), and the Plan Investment Committee ("Committee," collectively "Defendants") breached their fiduciary duty of prudence to the BenefitsPlus 401(k) Profit Sharing Plan (the "Plan") and its participants. Plaintiffs further allege that Aegis and the Board failed to monitor the Committee's activities in violation of ERISA.

Plaintiffs filed their Amended Complaint (ECF No. 41) on November 12, 2020. Following full briefing on Defendants' motion to dismiss the Amended Complaint (ECF No. 99), and a hearing held on February 3, 2023, this Court denied Defendants' motion to dismiss the Amended Complaint. On July 6, 2023, Plaintiffs filed their Motion for Class Certification (ECF No. 114)

and memorandum in support thereof (ECF No. 115).  Following the filing of the motion, the parties

conferred and agreed to the certification of the following class:

> ***All persons, except Defendants and their immediate family members, who were***
> ***participants in or beneficiaries of the Plan, at any time between May 8, 2014 through***
> ***the date of judgment (the "Class Period").***

Although Defendants do not contest class certification, the Court must still find that the

class certification requirements are satisfied. *See Marisol A. v.* Giuliani, 126 F.3d 372, 376 (2d Cir.

1997) ("Before certifying a class, a district court must determine that the party seeking certification

has satisfied the four prerequisites of Rule 23(a): numerosity, commonality, typicality, and

adequacy of representation…. Furthermore, the party seeking certification must qualify under one

of three criteria set forth in Rule 23(b)) (citing *Comer v. Cisneros,*37 F.3d 775, 796 (2d Cir. 1994).

Here, Plaintiffs have carried their burden of establishing the requirements of Rule 23 are met.

As to numerosity, Plaintiff identifies up to 11,775 potential class members, which are so

numerous that joinder of all members is impractical. (*See* ECF No. 115. at 9). As to commonality—

which requires only a single common question of law or fact—Plaintiff has shown that a common

question exists as to whether Defendants breached ERISA's duty of prudence in connection with

selecting and monitoring the Plan's investment options and monitoring the compensation paid for

recordkeeping and administration services.  (*Id.* at 11). These common questions are sufficient to

establish commonality.  *See* Wal-*Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (noting that

"[e]ven a single common question will do.").

As to typicality—which requires a showing that claims of the representative parties are

typical of the claims of the class—Plaintiffs  had an account in the Plan during the proposed class

period and held at least one challenged option and also all allegedly paid excessive recordkeeping

and administrative fees. *See* ECF No. 115, at 8-9; 11-13.  The proposed class representatives and

members of the proposed class therefore allegedly suffered similar harm resulting from defendants' alleged fiduciary breaches. (*See In re Oxford Health Plans, Inc*., 191 F.R.D. 369, 375 (S.D.N.Y. 2000) (citing *In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992)) (finding typicality arises when the claims arise from the "same course of conduct that gives rise to claims of the other class members, where the class members have allegedly been injured by the same course of conduct as that which allegedly injured the proposed representatives.").

Lastly, Plaintiffs have adequately supported the fourth requirement that Plaintiffs will adequately protect the interest of the class. The interests of all Plan participants are aligned because the named Plaintiffs have similar legal and financial interests in this action as the proposed class members. (ECF No. 13 (citing *Sacerdote v. New York Univ.,* 2018 WL 840364, at *4 (S.D.N.Y. Feb. 13, 2018)). Plaintiff further submits declarations of each Plaintiff confirming their understanding of their duties to take all necessary steps to protect the interests of the Class. (*See* ECF Nos. 116-4, 116-5, 116-6). Moreover, Plaintiffs contend that their counsel has no conflicts and will vigorously prosecute this action, noting its investigation, experience, and qualifications. (*See* ECF No. 63 at 16-18). This satisfies the last requirement.

Accordingly, for the foregoing reasons—as well as those explained in Sections V(B) and (C) of the Memorandum in Support of Motion for Class Certification (ECF No. 115 at 9-21—the requirements of Federal Rule of Civil Procedure 23 are satisfied.[1]

---

[1] Similar class certifications have been approved in other, similar ERISA cases challenging the fees and/or investments defined contribution plans. *See, e.g.*, *Vellali v. Yale Univ.*, 33 F.R.D. 10 (D. Conn. 2019) (certifying class in case alleging fiduciaries saddled retirement plan with investment options that charged excessive management fees); *Jacobs v. Verizon Communications, Inc. et al.,* 2020 WL 5796165 (S.D.N.Y. Sept. 29, 2020) (same); *Cunningham et al. v. Cornell Univ.*, 2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) (same); *Beach v. JPMorgan Chase Bank, N.A.*, 2019 WL 2428631 (S.D.N.Y. June 11, 2019) (same); *Ferguson v. Ruane Cuniff & Goldfarb Inc*., No. 17-CV-6685, 2021 WL 3667979, (S.D.N.Y. Aug. 17, 2021); *Sacerdote v. New York Univ.,* 2018 WL 840364 (S.D.N.Y. Feb. 13, 2018) (certifying class and subclasses pursuant to Rule 23(b)(1)(A)).

It is **ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Unopposed Motion for Class Certification (ECF No. 114) is **GRANTED**.

2.      The Class shall be defined as:

All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between May 8, 2014 through the date of judgment (the "Class Period").

3.      Plaintiffs Stacey Parks Kennedy, Angela Bozell, and Brittney Williams are appointed as Class representatives.

4.      Capozzi Adler, P.C. is appointed as Class counsel.

5.      Nothing in this Order shall be deemed to abandon or limit any claim or defense.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 114.

**DONE and ORDERED** in New York, New York, on August  17, 2023.

_____
Hon. Gregory H. Woods
United States District Judge

Dated:  August 17, 2023                        Respectfully Submitted Jointly,


**CAPOZZI ADLER, P.C.**                        **JACKSON LEWIS P.C.**

/s/  Mark K. Gyandoh_____            s/ René E. Thorne_____
Mark K. Gyandoh, Esquire                       René E. Thorne (admitted *pro hac vice*)
CAPOZZI ADLER, P.C.                            Rene.Thorne@jacksonlewis.com
312 Old Lancaster Road                         Ryan M. Tucker (admitted *pro hac vice*)
Merion Station, PA 19066                        Ryan.Tucker@jacksonlewis.com
Phone: (610) 890-0200                          601 Poydras Street, Suite 1400
Fax: (717) 233-4103                            Louisiana, LA  70130
Email: markg@capozziadler.com                  Telephone:     (504) 208-1755
                                               Facsimile:     (504) 208-1759

4

Donald R. Reavey, Esquire
2933 North Front Street
Harrisburg, PA 17110
Phone: (717) 233-4101
Fax: (717) 233-4103
Email: donr@capozziadler.com

*Counsel for Plaintiffs and the Putative Class*

Phillip C. Thompson (*pro hac vice* pending)
Phillip.Thompson@jacksonlewis.com
7101 College Boulevard, Suite 1200
Overland Park, KS 66210
Telephone:    (913) 981-1018
Facsimile:    (913) 921-1019

Todd H. Girshon
Todd.Girshon@jacksonlewis.com
Jackson Lewis P.C.
666 Third Avenue, 29th Floor
New York, NY 10017
Telephone:    (212) 545-4030
Facsimile:    (212) 972-3213

*COUNSEL FOR DEFENDANTS*